UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>SUNBEAM CORPORATION, et al.<br><br>　　　　　Defendant(s). | No. C05-1974 BZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME, PLAINTIFF'S MOTION TO CONTINUE HEARING ON SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY** |

　　　　Before me is plaintiff's motion to shorten time to file certain other motions,[1] including a motion to continue a hearing on summary judgment and a motion for additional discovery.  Plaintiff also submitted proposed motions to continue the hearing and to allow for additional discovery. Defendant Biddeford Blankets, LLC (Biddeford), submitted opposition papers going to the merits of plaintiff's proposed

---

[1] Plaintiff styles its motion to shorten time as an "Ex Parte" motion.  However, plaintiff filed its motion in conformity with Local Civil Rule 6-3 (Motion to Change Time). I find that Rule 6-3 controls plaintiff's motion to shorten time.

1

motions.

Plaintiff having met its burden under Local Civil Rule 6-3, the motion to shorten time is **GRANTED**.  Moreover, because defendant has submitted papers going to the merits of plaintiff's proposed motions, and because I find the issues fully aired, I find no need for further briefing or a hearing on this matter.  Plaintiff's proposed motions are hereby **GRANTED** as follows:

1. While the court has reservations about the need to take discovery on what appears to be a legal issue, given the policy that underlies Rule 56(f), Plaintiff and Biddeford are granted leave to take discovery limited to the issue of Biddeford's successor liability.  Said discovery shall be completed by **December 4, 2006**.  Both parties shall cooperate in providing discovery expeditiously and shall promptly inform opposing counsel which persons they wish to depose.  Deposing an individual on the issue of successor liability shall not preclude a party from later deposing the same individual as to other matters.

2. In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall

        instead make a contemporaneous record of their meeting using a tape recorder or a court reporter. In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute. Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference. The Court will contact the parties to schedule the conference.

3. Biddeford shall file its motion for summary judgment by **October 16, 2006**. Plaintiff's opposition is due by **December 18, 2006**. Biddeford's reply is due by **December 27, 2006**.

4. Biddeford's motion shall be heard on **Wednesday**, **January 10, 2007**, at **10:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, San Francisco, California 94102.

Dated: October 6, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\SAFECO\SHORTBZ.wpd

3